### NORMAN STRICKLAND *vs.* DAVID FITZGERALD.

In a bill in equity under the Rev. Sts. *c.* 81, § 8, to obtain possession of a horse, secreted from the plaintiff, so that it cannot be replevied, an allegation that the plaintiff was the owner of the horse and had the right of possession, is sufficient, without setting forth the particulars of his title ; especially when the plaintiff waives an answer under oath.

This was a bill in equity, under the Rev. Sts. *c.* 81, § 8, to compel the delivery of a mare, detained from the plaintiff, and secreted so that she could not be replevied. The bill set forth, that the plaintiff, on the 3d of April, 1851, was the owner of a certain bay mare of great value, to wit, of the value of five

hundred dollars, which mare was then in the possession of David Fitzgerald, of Chicopee, and that the plaintiff then demanded the mare, of Fitzgerald, at Chicopee, and that he then and there refused to deliver the same to the plaintiff, but illegally and unjustly detained the same, although the plaintiff then and there had a right to the possession thereof; and that Fitzgerald still detained, secreted and withheld the same from the plaintiff, so that the same could not be replevied, although the plaintiff had sued out a writ of replevin therefor, and the sheriff of the county had made diligent search for said property by virtue of said writ, and had endeavored to serve said writ.

The defendant demurred to the bill, assigning for cause, that the plaintiff had not specifically stated therein the possession, or such right to the possession of the mare, which the defendant was charged with detaining and secreting, as would give the plaintiff a right to maintain an action of replevin therefor; and that he had not stated in his bill in what manner he claimed his title to the mare.

*A. L. Soule*, for the defendant.

*R. A. Chapman*, for the plaintiff.

DEWEY, J. This bill is filed under the provisions of Rev. Sts. *c.* 81, § 8, authorizing a suit in equity " to compel the redelivery of any goods and chattels, taken or detained from the owner thereof, and secreted or withheld, so that the same cannot be replevied."

The plaintiff in his bill alleges that he was the owner of a certain bay mare which came into the possession of the defendant, who illegally and unjustly detains her, although the plaintiff has a right to the possession thereof. This is accompanied with the other proper averments that he cannot cause the same to be replevied, and that the defendant secretes her, &c.

The defendant demurs to the bill, and places his objection solely upon the ground that the plaintiff has not stated specifically his title, or, in other words, the manner in which he became the owner of the mare. To sustain the demurrer, the defendant relied upon the well settled English rule in cases in equity, which requires such specific statement, and also that

though the bill does contain an assertion of title in the plaintiff, it is not enough, if the facts are not stated from which the court will infer a title. Story Eq. Pl. §§ 730, 731; *Walburn* v. *Ingilby*, 1 Myl. & K. 61. This rule, it is said, was applied by this court in the case of *Clap* v. *Shepard*, 23 Pick. 228, and 2 Met. 127.

Looking at this case as a mere substitute for a writ of replevin of property, so secreted that it cannot be reached by the ordinary replevin process, we can see no good reason for requiring any further averment in the bill as to the property or title of the plaintiff than is required in a writ of replevin. The plaintiff here alleges that he is "the owner" of the bay mare, and that the defendant "illegally and unjustly detains her." The plaintiff seeks no discovery, but expressly waives an answer under oath, and of course any authorities as to cases of bills of discovery are inapplicable. The case is one arising under our statutes, and with the exception of the case of *Clapp* v. *Shepard*, is new. Though that case, to some extent certainly, was apparently decided upon the general principle that it was necessary to allege the facts that showed a title in the plaintiff in the property sought to be recovered by this process, and that a mere general allegation that he was the owner, was not enough, yet the case had its own peculiar features; as the bill disclosed the fact that the note sought to be restored to the plaintiff was a note payable to a third person. In such a case it might well be required that the further facts should be stated that would show a transfer of the note to the plaintiff, and that the general statement that he was the owner, was insufficient.

As applied to this case, we think the averments of ownership are sufficient in form to authorize us to overrule this demurrer.                     *Demurrer overruled.*